46 N.J. Super. 289 (1957)
134 A.2d 609
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARTHUR J. CALLAGHAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Morris County Court, Law Division.
Decided September 5, 1957.
*290 Mr. Frank C. Scerbo, Prosecutor of Morris County (Mr. Stephen B. Wiley, Assistant Prosecutor, appearing), attorney for plaintiff-respondent.
Mr. Arthur J. Callaghan, pro se.
BARRETT, J.C.C.
The defendant-appellant was found guilty of violating N.J.S.A. 39:4-85.1 by the Magistrate of Hanover Township, from which conviction he appeals.
The above statute provides that
"* * * local and county authorities with respect to highways under their jurisdiction may by ordinance, or resolution, subject to the approval of the Director of the Division of Motor Vehicles, designate any such highway or any separate roadway of such highway for one-way traffic and shall erect appropriate signs giving notice thereon. Upon a highway properly designated and signed for one-way traffic, a vehicle shall be driven only in the direction designated."
The defendant-appellant does not contest the designation of the highway as a one-way street but contends that it was not "properly designated and signed for one-way traffic."
N.J.S.A. 39:4-198 has a bearing on the question here involved. It states that
*291 "No ordinance * * * passed by local authorities * * * shall be effective unless due notice thereof is given to the public by placing a sign at the places where the ordinance * * * is effective, and by briefing its provisions on signs according to specifications contained in this chapter or any supplement thereto. These signs shall be so placed as to be easily read by pedestrians or operators of vehicles. * * *"
N.J.S.A. 39:4-183.18 provides that one-way signs shall contain a white arrow with the message "one-way" in black letters and a black background with dimensions 36 inches long by 12 inches, and that they shall be placed on both corners of the outlet of the one-way street.
N.J.S.A. 39:4-183.14 provides:
"On highways where parked vehicles do not obstruct the required visibility, the bottom of the sign shall be two and one-half feet above the crown of the pavement. * * *"
R.S. 39:3-60 states:
"* * * whenever the driver of a vehicle approaches an oncoming vehicle within five hundred feet, such driver shall use a distribution of light or composite beam so aimed that the glaring rays are not projected into the eyes of the oncoming driver, and in no case shall the high-intensity portion which is projected to the left of the prolongation of the extreme left side of the vehicle be aimed higher than the center of the lamp from which it comes at a distance of twenty-five feet ahead, and in no case higher than a level of forty-two inches above the level upon which the vehicle stands at a distance of seventy-five feet ahead."
The evidence in this case indicates that the sign on the southwest corner was 18 inches by 48 inches and that the bottom of said sign was 74 inches from the ground, and further, that the letters on the sign were black on a white background. Very definitely the sign in question does not comply with the specifications of the Motor Vehicle Act. N.J.S.A. 39:4-183.9 provides that the design of all traffic signs shall conform to and have the minimum dimensions of the specifications adopted by the Director of the Division of Motor Vehicles, except as otherwise approved by the Director. There has been no evidence offered in this *292 case to indicate that the Director of the Division of Motor Vehicles had approved a sign that does not comply with the dimensions prescribed nor with any other features. It should be noted in all of the several sections of the Motor Vehicle and Traffic Acts the word "shall" is used which, of course, precludes a municipality from varying the specifications set forth in the acts.
N.J.S.A. 39:4-198 provides that the signs shall be so placed as to be easily read by pedestrians or operators of vehicles. The sign in question certainly cannot meet this requirement if R.S. 39:3-60 is complied with by the driver of the vehicle.
Vehicles cannot be parked at this corner so as to obstruct the required visibility and, therefore, N.J.S.A. 39:4-183.14 is violated by the bottom of the sign being 74 inches from the ground.
The sign in question is in violation of the provisions of N.J.S.A. 39:4-183.18 in that the arrow is black instead of white and is on a white background instead of a black background, and further, that the dimensions of the sign do not conform to specifications. It might be noted here that the sign on the other corner of this one-way street conforms with the specifications set forth in the statutes except for the possibility of its height from the ground.
I cannot agree with the contention of the prosecutor that the provisions of the statutes can be varied to coincide with the judgment of certain municipalities or individuals. If his contention was correct I am afraid there would be a hodge-podge make-up throughout the State so far as traffic and other signs are concerned. I feel that the statutory enactments were created largely to provide uniformity throughout the State, and I again repeat that the word "shall" is continually used in the statutes.
It may be that the sign complied with the legal requirements when it was erected, but to be effective it must comply with the law at the time the offense is charged. The defendant-appellant is found not guilty of violating N.J.S.A. 39:4-85.1 and an order may be presented accordingly.